909 F.2d 1482
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William Anthony DYE, a/k/a Junkyard, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-2051.
 United States Court of Appeals, Sixth Circuit.
 Aug. 8, 1990.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, and JORDAN, District Judge.*
 
 ORDER
 
 2
 William Anthony Dye, a federal prisoner, appeals pro se from the order denying his motion to correct sentence filed under 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Dye entered a guilty plea to a charge of conspiracy to distribute cocaine and received a 36 month sentence. Pursuant to the plea agreement, other charges of distributing cocaine and possessing an unregistered firearm were dismissed, and his sentence was set below the mid-point of the applicable guideline range. Dye's pre-sentence investigation report informed him of the guideline range of 33 to 41 months and notified him that his sentence was based in part on considerations that he possessed a firearm and on the amount of cocaine involved. Dye did not object to this information at sentencing, nor did he directly appeal his conviction. He then filed this motion arguing that the consideration of his possession of a firearm in sentencing violated the plea agreement, because that information was not included in the charge to which he pleaded guilty. The district court declined to address this issue on the merits and denied the motion due to procedural default. On appeal, Dye argues that attorney error was the cause for his failure to raise the issue at the proper time.
 
 
 4
 Upon consideration, we conclude that this motion to correct sentence was properly denied. Dye is barred from raising this issue in a Sec. 2255 motion, because he procedurally defaulted and cannot establish cause or prejudice to excuse the default. See United States v. Frady, 456 U.S. 152, 167-68 (1982). His argument of attorney error is meritless, as the sentencing did not violate any provision of the plea agreement and was properly based on consideration of all conduct which was part of the same scheme as the offense of conviction. See United States v. Smith, 887 F.2d 104, 108 (6th Cir.1989).
 
 
 5
 Accordingly, the district court's order is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Leon Jordan, U.S. District Judge for the Eastern District of Tennessee, sitting by designation